UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDNA IGARTUA,                           MEMORANDUM
                                        AND ORDER
                                        15-CV-3806 (ENV)
            Plaintiff,                  15-CV-3807 (ENV)

    -against-

DEPARTMENT OF HOMELESS SERVICES,

            Defendant.
------------------------------------------------------------x

EDNA IGARTUA,

            Plaintiff,

    -against-

RONETTE CHRISTINA HAWKINS,

            Defendant.

------------------------------------------------------------x

VITALIANO, United States District Judge:

Plaintiff Edna Igartua filed these *pro se* actions on June 26, 2015. Her requests to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), are granted. For the reason discussed below, both actions are dismissed.

Standard of Review

The Court is mindful that *pro se* complaints are held to a less stringent standard than pleadings drafted by attorneys, and, accordingly, it reads

1

plaintiff's *pro se* complaint liberally and interprets it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaints. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## Background

Plaintiff's complaints, which are decidedly incomprehensible and laced with profanity, appear to relate to plaintiff's time spent in homeless shelters in New York City. Iguarta's complaint against the Department of Homeless Services ("DHS") states: "Conversion of Bisexualism, prostitution and conversion of their illegal beliefs: sexual abuse torment pushing me to be already homeless kicking me out without reason." Compl. 15-CV-3806, at 1.

Her second complaint makes rambling accusations against Ronette C. Hawkins ("Hawkins"), who appears to be a homeless shelter resident. Plaintiff states that Hawkins is the "head leader of the organized gang call the 'Bloods,' p**** a** b****" and that Hawkins ordered plaintiff's death. Compl. 15-CV-3807, at 1.[1]

## Discussion

Although plaintiff is proceeding *pro se*, and her complaints are held to less stringent standards than pleadings drafted by lawyers, Erickson, 551 U.S. at 94, she must still establish that the Court has subject matter jurisdiction over her actions. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court on its own. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 428 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R.

---

[1] Plaintiff previously filed similar actions in this district against DHS and Hawkins. They were dismissed. See Igartua v. Hawkins, 10-CV-4460 (ENV); Igartua v. Dept. of Homeless Svcs., 10-CV-940 (ENV).

Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 62–63 (2d Cir. 2009).

Federal subject matter jurisdiction exists only where the action presents a federal question, as provided in 28 U.S.C. § 1331, or where there is diversity jurisdiction, as authorized by 28 U.S.C. § 1332. Moore v. Angiuli & Gentile, LLP, No. 12 CV 2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Here, plaintiff cannot invoke diversity jurisdiction because all parties are alleged to be citizens of the State of New York. Plaintiff's complaints also fail to present a federal question, despite plaintiff's invocation of jurisdiction pursuant to "'Kings'" not lesbian 'D****.'" Compl. 15-CV-3807 at 1. Even under the most liberal construction, plaintiff's accusations against defendants simply do not rise to the level of any federal or constitutional violation of her rights.

Furthermore, plaintiff's claims against the Department of Homeless Services also fail because the New York City Charter provides that "[a]ll

actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. Therefore, the DHS is not a suitable entity. <u>See Jenkins v. N.Y.C. Dep't of Homeless Servs.</u>, 643 F. Supp. 2d 507, 510 (S.D.N.Y. 2009), *aff'd*, 391 F. App' x 81 (2d Cir. 2010) (summary order).

Though, ordinarily, the Court would allow plaintiff an opportunity to amend her complaints, <u>see Cruz v. Gomez</u>, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submissions that she cannot establish a basis for this Court's subject matter jurisdiction. That being the case, any attempt to amend the complaints would be futile. <u>See Ashmore v. Prus</u>, 510 Fed. Appx. 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); <u>see also Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile). However, despite this dismissal, plaintiff is free to reassert these claims in state Supreme Court, which, unlike this Court, is one of broad general jurisdiction.

## Conclusion

Accordingly, the complaints are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close these cases.

So Ordered.              s/Eric N. Vitaliano

                                                        ERIC N. VITALIANO
                                                        United States District Judge

Dated:    Brooklyn, New York
              July 26, 2015